UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 20-61134-CIV-SINGHAL

JERMAINE CLAYTON WILLIAMS,

    Plaintiff,

v.

STATE OF FLORIDA, et al.,

    Defendants.
_____/

## ORDER

**THIS CAUSE** has come before the Court upon Plaintiff's Motion to Proceed *In Forma Pauperis* (DE [13]), and Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs (DE [14]), both filed November 3, 2020. Courts are permitted to authorize a party to proceed *in forma pauperis* in any suit, or appeal thereof, so long as the party complies with the proscriptions of 28 U.S.C. § 1915(a)(1). Plaintiff, a *pro se* litigant, has filed an Application to Proceed in District Court without Prepaying Fees or Costs (DE [14]), therefore, the screening provisions of 28 U.S.C. § 1915(e) are applicable.

On October 14, 2020, this Court directed Plaintiff to pay the filing fee or submit an application to proceed *in forma pauperis* accompanied by an affidavit by October 28, 2020; accordingly, the instant motions are untimely. Additionally, this Court granted Plaintiff an extension to perfect service upon the Defendants by **November 9, 2020**. Plaintiff has failed to comply with this Court's Order (DE [12]). This Court, however, acknowledges that Plaintiff is incarcerated and has complied with the requirements of 28

U.S.C. § 1915(a)(1) by providing an Affidavit (DE [13]) and a Ledger (DE [14]). Additionally, on November 13, 2020 Plaintiff filed a "Notice of Action and Request to waive service of summons" (DE [15]), which in essence operates as a self-executing extension of the deadlines set by this Court in the Order (DE [12]).

Pursuant to 28 U.S.C. § 1915(e)(2), courts are permitted to dismiss a suit "any time if the court determines that . . . (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Generally, *pro se* complaints are held to a less stringent pleading standard than pleadings drafted by lawyers. *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). However, a court may not "serve as de facto counsel for a party, or . . . rewrite an otherwise deficient pleading in order to sustain an action." *GJR Invs. v. Cty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted).

To state a claim, a pleading in a civil action must contain "a short and plain statement of the grounds for the court's jurisdiction . . . [and] show[ ] that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1)-(2). Although a plaintiff need not provide "detailed factual allegations," a plaintiff's complaint must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Furthermore, vague and conclusory statements are insufficient under the Federal Rules. *See Iqbal*, 556 U.S. at

678–679.  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.*  (quoting *Twombly*, 550 U.S. at 570).

Plaintiff files the Complaint (DE [1]) seeking declaratory and supplemental relief with regard to Defendants' purported misrepresentations of Plaintiff's data indexed under Florida Criminal History File No. 04595556.  Plaintiff succinctly recites the data, claims it is incorrect and duplicative, and further demands Defendants delete any and all factual misrepresentations thus indexed, without specifying what misrepresentations have purportedly been made.  Plaintiff's Complaint (DE [1]) is vague, conclusory, and fails to state a claim.  Even under the relaxed pleading standard afforded *pro se* litigants, Plaintiff's Complaint (DE [1]) fails to include facts or state a claim on which relief may be granted.  *See Abele v. Tolbert*, 130 Fed. Appx. 342, 343 (11th Cir. 2005) (explaining when a plaintiff is proceeding *pro se*, a court must construe plaintiff's complaint more liberally than if it had been drafted by a lawyer).

Moreover, Plaintiff's Complaint (DE [1]) fails to state a claim over which this Court has subject matter jurisdiction.  The Court has a responsibility to ensure jurisdiction over the action.  *Williams v. Best Buy Co.*, 269 F.3d 1316, 1318 (11th Cir. 2001).  Federal courts are "empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution," and which have been entrusted to them by a jurisdictional grant authorized by Congress.  *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367

(11th Cir. 1994)).  Accordingly, "once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue.  *Id.* at 410.

Here, Plaintiff alleges Defendants have willfully failed to correct purported misrepresentations in his criminal record in violation of the Fourteenth Amendment, the National Crime Prevention and Privacy Compact of 1998, and the Privacy Act of 1974. Plaintiff claims this Court has original jurisdiction of all actions brought under the Constitution.  After a careful reading of Plaintiff's Complaint (DE [1]), however, it is apparent that Plaintiff seeks to correct his criminal history record with the Florida Department of Law Enforcement.  To do so, Plaintiff must "contact the agency submitting that part of the record in question."  Fla. Admin. Code Ann. R. 11C-8.001(5).  The agency is then responsible for making any determination on the merits of such assertions.  *Id.* The record indicates Plaintiff has already taken such steps.  *See* (Compl. (DE [1-1], Ex. 5, at 72) ("Please be advised that the fact that you may personally disagree with the reason for an arrest, the validity of any charges filed, or the fairness of the disposition of those charges, is not, by itself, a sufficient basis upon which this Department (FDLE) can change your criminal record.").  Furthermore, this Court need not make a declaration as to Plaintiff's right to review and correct his Florida Criminal Record history as the Florida Department of Law Enforcement will carefully consider Plaintiff's claims upon the submission of any official documentation to support it.  *Id.*  Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Complaint (DE [1]) is **DISMISSED** and Plaintiff's Motion to Proceed *In Forma Pauperis* (DE [13]) and Plaintiff's Application

to Proceed in District Court without Prepaying Fees or Costs (DE [14]) are **DENIED AS MOOT**.  The Clerk of Court is directed to **CLOSE** this case and **DENY AS MOOT** any pending motions.

    **DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 13th day of November 2020.

_____
RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished to counsel of record via CM/ECF